437 F.2d 899
 United States of America, Pearly WILSON, #C-6811, State
Correctional Institution, Pittsburgh, Pennsylvania on his
own Behalf and on Behalf of all others similarly Situated in
Pennsylvania's State Penal System, Appellant,
v.
Joseph R. BRIERLEY, Superintendent, State Correctional
Institution at Pittsburgh, Pennsylvania, the Prison
Computation Board, and the Records Officer of the State
Correctional Institution at Pittsburgh, Pennsylvania.
 Civ. A. No. 19167.
 
 United States Court of Appeals, Third Circuit.
 Submitted on Briefs Jan. 15, 1971.
Decided Feb. 3, 1971.
 Pearly Wilson, pro se.
 Joseph Martin Gelman, Sp. Asst. Atty. Gen., Fred Speaker, Atty. Gen., Harrisburg, Pa., on the brief, for appellees.
 Before SEITZ and VAN DUSEN, Circuit Judges and MASTERSON, District judge.
 PER CURIAM:
 
 
 1
 Plaintiff, Pearly Wilson, appeals a judgment of the district court dismissing his civil rights complaint and petition for a declaratory judgment.
 
 
 2
 Plaintiff is presently confined in the Pennsylvania State Correctional Institution at Pittsburgh, where he is serving two concurrent sentences of 2 1/2-5 years and an additional consecutive sentence of 3-6 years. Relying on the Act of May 11, 1901, P.L. 166, 1-6 (repealed 1965), which provided for the commutation of sentences for good behavior, plaintiff seeks an order compelling the defendant prison officials to credit him and other prisoners similarly situated with the good behavior time they had allegedly accumulated prior to the Act's repeal on July 23, 1965.
 
 
 3
 Plaintiff does not attack the constitutionality of the above statute. Instead, he maintains that, since they had not been cited for bad conduct, he and the other members of his class had an absolute right to such credits, which defendants have therefore 'arbitrarily disallowed and cancelled without reason' in violation of the Due Process and Equal Protection Clauses. Section 6 of the Act of May 10, 1909[1] and Section 6 of the Act of June 19, 1911, as amended,[2] both specifically provide that 'no person sentenced for an indeterminate term shall be entitled to any benefits under (the Act of May 11, 1901).' Since defendants' actions were in conformity with these two statutes-- neither of which plaintiff attacks-- their refusal to grant good behavior time to all prisoners serving indeterminate sentences amounted to neither an unequal application of state law nor an abuse of discretion in violation of plaintiff's due process rights. Thus, we conclude that plaintiff's complaint fails to state a claim of constitutional proportions.
 
 
 4
 The judgment of the district court will be affirmed.
 
 
 
 [1]
 Pa.Stat.Ann. tit. 19, 1086
 
 
 [2]
 Pa.Stat.Ann. tit. 19, 1057